Ellis J. Staley, Jr., J.
This is a motion by the plaintiffs for summary judgment in an action for the rescission of retail installment contracts, the cancellation of a certain bond and mortgage, the discharge of the mortgage as a cloud upon the title of the plaintiffs’ property and for money damages in the sum of $158, with interest from March 11, 1961.
On March 1,1961 the plaintiffs were the owners of a parcel of land in the Town of G-uilderland, County of Albany, New York, on which they had constructed a concrete foundation for a dwelling house and on that date they executed two contracts with the defendant known as “ retail installment obligations ”. One contract was in the sum of $8,700 to which was added a credit service charge of $3,059.60 making a total obligation of $6,759.60. The second contract was in the sum of $1,000 to which was added a credit service charge of $539.36 making a total obligation of $1,539.36. The .total of the two contracts amounted to $8,298.96. The contracts provided for monthly payments for 10 years commencing on May 1, 1961. In addition to the two contracts on the same date the plaintiffs also executed two promissory notes to the defendant, one in the sum of $6,759.60 and one in the sum of $1,539.36.
The retail installment obligation provided under the heading “ Description of goods and services sold ” as follows: “ Partial materials for shell construction by owner of Plan Model C-521 with changes — clapboard exterior — Model C-521 — gable roof not hip.”
On the same date the plaintiffs also executed a contract with the defendant indicated as “ customer’s copy contract ” by the terms of which the defendant, for the sum of $4,700, agreed to furnish materials to the plaintiffs which contract provided in *1056 part as follows: “ Contractor to supply materials for shell construction by homeowner on present deck of 24' x 44'. House plan to follow Model C-521 set for 24' x 44', using gable roof in place of hips — clapboard exterior. 1st delivery to be on Saturday A.M. April 29, 1961 — -Customer to notify Co. of other delivery dates (48 Hrs. notice).”
The plaintiffs claim that on the date of the execution of the above instruments the only instrument that they received was a copy of the “ customer’s copy contract ” while the defendants claim that at that time the plaintiffs received copies of all the instruments executed.
On March 6, 1961, the plaintiffs met with the defendant’s attorney at his law office and there executed a mortgage covering their foundation and lot in the Town of Gfuilderland, New York, which mortgage was in the sum of $8,298.96 and they further executed two separate mortgage bonds, one in the sum of $6,759.60 and one in the sum of $1,539.36. It is undisputed that at the time of the execution of the bonds and the mortgage that the plaintiffs did not receive any copies of these instruments.
On April 26, 1961, the plaintiffs notified the defendant that they had elected to cancel the contract and would refuse to accept delivery of any material. The defendant never made nor did it attempt to make any deliveries under the contract.
Although the papers, exhibits and affidavits on this motion reveal many contradictions between the parties and would, under most circumstances, raise triable issues of fact that would defeat a motion for summary judgment, in my opinion there are two grounds urged by the plaintiffs which are sufficient to entitle the plaintiffs to summary judgment.
Article 10 of the Personal Property Law, known as the “ Retail Instalment Sales Act ” was enacted as chapter 599 of the Laws of 1957. This article now governs retail installment sales and thus applies to the contracts involved in this action since they were executed in March of 1961. Section 405 of article 10 of the Personal Property Law provides as follows: ‘ ‘ The seller shall deliver to the buyer, or mail to him at his address shown on the contract or obligation, an executed copy thereof. Until the seller does so, a buyer who has not received the goods or services shall have an unconditional right to cancel the contract or obligation and to receive immediate refund of all payments made and redelivery of all goods traded-in to the seller on account of or in contemplation of the contract or obligation. Any acknowledgment by the buyer of delivery of a copy of the contract or obligation shall be printed or written in a size equal to at least ten point bold type and, if contained *1057 in the contract or obligation, shall also appear directly above the space reserved for the buyer’s signature. The buyer’s written acknowledgment, conforming to the requirements of this section, of a delivery of a copy of a contract or obligation shall be presumptive evidence of such delivery and of compliance with this section and subdivision four of section four hundred two in any action or proceeding by or against an assignee of the contract or obligation without knowledge to the contrary when he purchases the contract or obligation.”
Subdivision 7 of section 401 of the Personal Property Law further provides as follows: “ ‘ Retail instalment obligation ’ or 6 obligation ’ means an agreement, entered into in this state, pursuant to which the buyer promises to pay, in instalments, the time sale price or prices of goods and/or services, or any part thereof.”
The bonds executed by the plaintiffs herein on March 6, 1961, and secured by the mortgage covering the real property owned by the plaintiffs in the Town of Guilderland, New York, provided for payment of the contract time sale price in installments. Not only do the bonds meet the requirements of the statutory definition of an obligation as provided in section 401 of the Personal Property Law, but the courts have construed the statutory term “ obligation ” to include a bond and mortgage. (New York Life Ins. Co. v. Litke, 181 Misc. 32.)
In view of the fact that the plaintiffs did not receive copies of these bonds and the accompanying mortgage prior to the date of the cancellation of the contract, the plaintiffs are entitled to the privileges provided in section 405 of the Personal Property Law. By reason of those provisions the plaintiffs are, therefore, entitled to the relief sought in the complaint; namely, the rescission of the retail installment contracts, the cancellation of the bonds and the discharge of the mortgage from the records of the Albany County Clerk’s office. In addition, they are entitled to recover the expenditures made in relation to the execution and recording of the mortgage in the sum of $158, with interest from March 11,1961.
Another ground for granting the plaintiffs’ motion for summary judgment herein is the failure of the retail installment obligation to adequately describe the goods to be sold or delivered. The description in the retail installment obligation provides as follows: “ Partial materials for shell construction by owner of Plan Model C-521 with changes — clapboard exterior — Model C-521 — gable roof not hip.”
Subdivision 2 of section 402 of the Personal Property Law provides as follows: “ 2. A contract or obligation shall contain *1058 the entire agreement of the parties with respect to the goods and services. ’ ’
To make a writing valid and enforcible as an agreement the promise must be certain and explicit and the full intention of the parties reasonably ascertainable. It must contain all the essential terms of a binding agreement. It must be neither vague nor indefinite. (Varney v. Ditmars, 217 N. Y. 223; United Press v. New York Press Co., 164 N. Y. 406; Queensboro Farm Prods. v. State of New York, 262 App. Div. 426, affd. 287 N. Y. 797.)
The description contained in the retail installment contracts herein is not so certain or explicit as to give either party a cause of action for their enforcement.
In my opinion neither a court nor jury could determine what the plaintiffs were entitled to receive under the contract where the goods sold were described merely as ‘ ‘ partial materials for shell construction ” with nothing further to interpret what is meant by “ partial materials ”. On this ground the court also believes that the plaintiffs are entitled to summary judgment.
The motion of the plaintiffs for summary judgment is, therefore, granted, without costs.